**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant,**

v.

**Mrs. Matilda MILLER, Appellee.**

No. 20077.

United States Court of Appeals
Fifth Circuit.

April 19, 1963.

George E. Morse, Gulfport, Miss., Morse & Morse, Gulfport, Miss., for appellant.

J. M. Morse, III, Poplarville, Miss., Walter L. Nixon, Jr., Biloxi, Miss., Edward G. Tremmel, Biloxi, Miss., for appellee.

Before PHILLIPS *, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

The appellee, Miller, recovered a substantial jury verdict and judgment against the appellant upon her complaint that a bottle of Coca-Cola fell through the bottom of a carton in which it was contained and exploded on her foot, resulting in serious and painful injuries. On this appeal the appellant contends that the Court erred in denying its motion for a directed verdict at the conclusion of the appellee's case and likewise in refusing to take the case from the jury at the conclusion of the appellant's case; and in failing to grant the appellant's motion to withdraw the case from the jury and declare a mistrial because of the mention of insurance by counsel for appellee in the examination of a physician.

A careful review of the record fails to sustain the contentions of the appellant. There were clear, disputed questions of fact as to the events causing injury to the appellee, Miller, resulting in typical questions to be resolved by a jury verdict. The trial court correctly denied the motions of the appellant which contended that the proof was insufficient. In our opinion the mention of "compen-

* Of the Tenth Circuit sitting by designation.

sation insurance" in a question directed to the physician is not of sufficient seriousness to result in such prejudicial error as to require a reversal of the case. The trial court very carefully and cautiously instructed the jury on the subject; and in our judgment, fully and completely informed the jury that they should disregard any mention of "compensation insurance". Appellant does not criticize the instructions given by the court directing the jury to disregard the reference, but contends that no instruction would have been sufficient in the circumstances. Under the facts and in the circumstances of the case, giving proper consideration to the clear and unequivocal instructions by the trial court, it is our opinion that no error was committed.

The judgment is

Affirmed.